ALDRICH BANKING COMPANY, Respondent, v. G. I. GANN & COMPANY, Appellants.

Kansas City Court of Appeals, May 16, 1898.

1. **Conversion**: CHATTEL MORTGAGE: IDENTITY OF STOCK: EVIDENCE. In an action for converting certain live stock defendant may not offer in evidence a chattel mortgage describing other live stock.

2. ———: DAMAGES: MEASURE OF: TRIAL THEORY. In an action for conversion an instruction as to damages was given on the theory of both parties in their evidence and the verdict was such that it might have included a couple of animals not included in the plaintiff's mortgage. *Held,* if defendant intended to make any objection against the instruction he should have asked a more specific instruction.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

BEEBE & WATSON for appellant.

(1) The court erred in excluding the chattel mortgage offered in evidence by defendants. Where one is in possession of personal property and exercising acts of ownership over it by mortgaging it, it may, nothing else appearing, be legitimately inferred that he is the owner. Banking House v. Brooks, 52 Mo. App. 364; Estes v. Springer, 47 Mo. App. loc. cit. 104; Bradner on Evidence, p. 459. (2) If Coffelt owned more than twenty head of three-year-old steers, and ninety-eight head of two-year-old steers at the time the mortgage to plaintiff was given, then it would avoid the mortgage. Stonebraker v. Ford, 81 Mo. 532; Estes v. Springer, 47 Mo. App. 104. Hence the evidence was material and its weight was for the jury. The court erred in giving the instruction asked by plaintiff on the measure of damages. Spencer v. Vance, 57 Mo. 430; Seibel v. Sieman, 72 Mo. 531; Sedgwick on Damages, secs. 492, 499; Hale on Damages, p. 185, and cases cited. The instruction does not specify the place where the market value is to be ascertained. Tobner v. Hassinbusch, 56 Mo. App. 591.

ELIJAH ROBINSON for respondent.

(1)    The trial court properly excluded the Scruggs, Hall & Company mortgage. It did not cover the cattle in controversy and had no bearing whatever on any issue involved in this case. (2) If defendants thought plaintiff's instruction or the measure of damages too general, and left the jury too much latitude, he should have asked more specific instruction. Not having done so he will not now be heard to complain. Browning v. R. R., 124 Mo. 55; Mathews v. R. R., 44 S. W. Rep. 807.

ELLISON, J.—This action is for conversion of a lot of two and three year old cattle. The judgment in the trial court was for plaintiff.

Defendants are live stock commission merchants doing business in the state of Kansas near Kansas City, Missouri. Plaintiff is a banking company doing business in Barton county, Missouri. On September 17, 1895, one Andrew H. Coffelt executed to plaintiff a chattel mortgage on two lots of cattle to secure the payment of a note to plaintiff for $3,000. One lot consisted of twenty head of three year old steers of various colors and brands "now in feed lots on his (Coffelt's) home farm." The other lot consisted of ninety-eight head of two year old steers of various colors "now in separate lot on his home farm." The mortgage was duly recorded in Barton county. Afterward, without plaintiff's consent, Coffelt shipped the greater part of said cattle to defendants and they sold them. It seems that Coffelt also executed a mortgage to Scruggs, Hall & Company on another lot of cattle differently described from those mortgaged to plaintiff.

Defendant offered this mortgage in evidence and it was excluded by the court as immaterial. The object in offering this mortgage is by no means CONVERSION: clear, but it certainly was properly ex-chattel mort-gage: identity of cluded since it could have no bearing on stock: evidence. the questions at issue in the trial. If the object was to show that Coffelt owned more than twenty head of three year old and ninety-eight head of two year old cattle on his farm, in order to avoid the plaintiff's mortgage, the mortgage offered was still incompetent on the issue involved, since, conceding that he did, the plaintiff's mortgage contained a specific description of the cattle, separating and locating them in certain feed lots on the farm.

Complaint is made of the instruction of the court on the measure of damages. The defendants claims that the measure of damages was the market value in Barton county where the mortgage was given and —: damages: measure of: trial where the sale under the mortgage was to theory. take place in case it was foreclosed. The instruction directs the jury to allow as damages the market value without naming at what place. Defendants did not ask any instructions on the subject. The evidence as to value consisted principally of the testimony of defendant Gann. He was questioned by attorneys for each side on that subject and the evidence was, *without objection*, confined to the price obtained at the sale made by defendant, and the verdict of the jury was for the exact net sum received by defendant at the sale. The record shows that each party looked upon the price obtained by defendants as being the amount plaintiff was entitled to recover if anything. Having tried the case on that theory and none other being suggested by defendants, it is now too late to adopt any other. But it is suggested that the evidence showed there were at least two heifers in the lot when

sold by defendant and these not being included in plaintiff's mortgage should not have been included in the verdict. Since the verdict, as before stated, was for the exact net amount of the price received by defendants, after deducting commissions and expenses of something over $90, it is quite likely that it included the price of the heifers. But we can not know this to be true; since under the instruction given by the court, the jury were directed to only allow for the cattle mortgaged and were not authorized to allow commission and other expenses to defendants. We can not know that the jury may not have refused to allow such expenses and did deduct a sum for the heifers. Of course this is the merest speculation, from the fact that nothing is shown about it from either side. At any rate it seems to us that if any question was to be made of that defendants should have asked a more specific instruction, since that for plaintiff was good so far as it went. Browning v. R'y, 124 Mo. 55.

There were some other objections urged, which we do not deem material. The verdict, in our opinion, on the issues as made and tried without objection, was for the right party and the judgment will be affirmed. All concur.